AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 1

FILED

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

12 OCT 12 AM 9:57

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES OF AMERICA
v.
DAVID LINDSAY (4)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 12CR1055-LAB

EUGENE G. IREDALE, RETAINED
Defendant's Attorney

REGISTRATION NO. 32566298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) ONE OF THE INFORMATION
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1349 | CONSPIRACY TO COMMIT WIRE FRAUD | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.
☒ Assessment: $100.00

☒ No fine    ☒ Forfeiture pursuant to order filed  8/17/2012 , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

OCTOBER 9, 2012
Date of Imposition of Sentence

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

12CR1055-LAB

AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 2 -- Probation

DEFENDANT: DAVID LINDSAY (4)
CASE NUMBER: 12CR1055-LAB

Judgment—Page __2__ of __4__

## PROBATION

The defendant is hereby sentenced to probation for a term of :

Probation for 3 years, Bureau of Prisons From Fridays by 7:00 pm to Mondays at 7:00 am, for 30 consecutive weeks pursuant to 18 USC 3563(b)(10). Defendant to surrender to designated institution by 11/16/2012.

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

12CR1055-LAB

AO 245B (CASD) (Rev. 12/11 Judgment in a Criminal Case
Sheet 3 — Special Conditions

DEFENDANT: DAVID LINDSAY (4)
CASE NUMBER: **12CR1055-LAB**

Judgment—Page __3__ of __4__

## SPECIAL CONDITIONS OF SUPERVISION

[X] Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

[X] Notify the Collections Unit of the U.S. Attorney's Office and the U.S. Probation Office, before the defendant transfers any interest in property owned directly or indirectly by the defendant.

[ ] Not transport, harbor, or assist undocumented aliens.

[ ] Not associate with undocumented aliens or alien smugglers.

[X] Not engage in any employment or profession involving fiduciary responsibilities.

[ ] Not enter the Republic of Mexico without written permission of the Court or probation officer.

[X] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

[ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

[ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

[ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

[X] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[X] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

[ ] Seek and maintain full time employment and/or schooling or a combination of both.

[ ] Resolve all outstanding warrants within _____ days.

[ ] Complete _____ hours of community service in a program approved by the probation officer within

[ ] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

[X] Notify the Collections Unit of the U.S. Attorney's Office, and the U.S. Probation Office, of any interest in property obtained, directly, or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation, until any fine or restitution ordered is paid in full.

**12CR1055-LAB**

AO 245S    Judgment in Criminal Case
        Sheet 5 — Criminal Monetary Penalties

Judgment — Page  4  of  4

DEFENDANT: DAVID LINDSAY (4)
CASE NUMBER: 12CR1055-LAB

# RESTITUTION

The defendant shall pay restitution in the amount of _____$66,400.00_____ unto the United States of America.

This sum shall be paid  ___ immediately.
                                      X  as follows:

Pay restitution in the amount of $66,400.00 through the Clerk, U.S. District Court, to the following victims in the amounts specified, payable forthwith or through the Inmate Financial Responsibility Program at the rate of $25 per quarter during the period of incarceration, with the payment of any remaining balance to be made following the defendant's release from prison at the rate of $250.00 per month.   Restitution is to be paid to the following victims and distribution is to be made on a pro rata basis:
    Victim
United States Department of the Navy:    $66,400.00
U.S. Postal Service Address:
Commanding Officer
Fleet Readiness Center Southwest
Office of the Comptroller, Code 10.0A
PO Box 357058
San Diego, CA
92135-7058

Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

The Court has determined that the defendant  does not  have the ability to pay interest. It is ordered that:

  X    The interest requirement is waived.

_____  The interest is modified as follows:

12CR1055-LAB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>DAVID LINDSAY (4),<br><br>   Defendant. | Case No. 12cr1055-LAB<br><br>AMENDED ORDER OF<br>CRIMINAL FORFEITURE |

On May 11, 2012, this Court entered its Preliminary Order of Criminal Forfeiture, which condemned and forfeited to the United States all right, title and interest of DAVID LINDSAY (4) ("Defendant") in the properties listed in the Information, namely,

1) Samsung TV with wall mount, serial no. AZ143CSS401554D;
2) Samsung TV with wall mount, serial no. AZ143CSS406183H;
3) Samsung TV with wall mount, serial no. AZ143CSS309645P;
4) HP HPE-450F Desktop Computer, serial no. MXX0340B28;
5) LG Computer Monitor Model E2040T1, with power cord, serial no. 005UXHB3A809.; and

For thirty (30) consecutive days ending on June 11, 2012, the United States published on the Government's forfeiture website, www.forfeiture.gov, notice of the Court's Order and the United States' intent to dispose of the properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and further notifying all third parties of their right

//

1 | to petition the Court within thirty (30) days of the final publication for a hearing to adjudicate the
2 | validity of their alleged legal interest in the properties.
3 |      On May 16, 2012, a Notice of Order of Forfeiture was sent by certified mail to the
4 | following potential third parties known to the United States to have alleged an interest in the
5 | forfeited properties:

| Name and Address | Article No. | Result |
|---|---|---|
| Donald Vangundy<br>1908 Marquis Court<br>Chula Vista, CA 91913 | 7010 2780 0000 2237 8438 | Marked as received on 5/21/12. |
| Donald Vangundy<br>c/o Gerald Blank, Esq.<br>444 West C Street, Suite 200<br>San Diego, CA 92101 | 7010 2780 0000 2237 8445 | Marked as received on 5/17/12. |
| Brian Delaney<br>8875 Lemon Avenue<br>La Mesa, CA 91941 | 7012 0470 0002 4445 5504 | Marked as received on 5/18/12. |
| Brian Delaney<br>c/o Frank T. Vecchione, Esq.<br>105 West F Street. Suite 215<br>San Diego, CA 92101 | 7012 0470 0002 4445 5511 | Marked as received on 5/17/12. |
| Kiet Luc<br>2134 Ingrid Avenue<br>San Diego, CA 92154 | 7010 2780 0000 2237 8452 | Marked as received on 5/17/12. |
| Kiet Luc<br>c/o Michelle Betancourt, Esq.<br>225 Broadway, Suite 900<br>San Diego, CA 92101-5008 | 7010 2780 0000 2237 8414 | Marked as received on 5/17/12. |
| John Newman<br>c/o Thomas W. McNamara, Esq.<br>655 West Broadway, Suite 1600<br>San Diego, CA 92101 | 7012 0470 0002 4445 5290 | Marked as received on 5/17/12. |
| Michael Graven<br>c/o Dana M. Grimes, Esq.<br>2664 Fourth Avenue<br>San Diego, CA 92101-6515 | 7012 0470 0002 4445 5306 | Marked as received on 5/17/12. |
| Paul Grubiss<br>c/o Jami L. Ferrara, Esq.<br>964 Fifth Avenue, Suite 335<br>San Diego, CA 92101 | 7010 2780 0000 2237 8421 | Marked as received on 5/21/12. |

28 | //

1  Thirty (30) days have passed following the final date of notice by publication, and no third
2  party has made a claim to or declared any interest in the forfeited properties described above.
3  Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result
4  of the failure of any third party to come forward or file a petition for relief from forfeiture as
5  provided by law, all right, title and interest of DAVID LINDSAY (4) and any and all third parties
6  in the following properties are hereby condemned, forfeited and vested in the United States of
7  America:

8     1) Samsung TV with wall mount, serial no. AZ143CSS401554D;
   2) Samsung TV with wall mount, serial no. AZ143CSS406183H;
9     3) Samsung TV with wall mount, serial no. AZ143CSS309645P;
   4) HP HPE-450F Desktop Computer, serial no. MXX0340B28;
10    5) LG Computer Monitor Model E2040T1, with power cord,
      serial no. 005UXHB3A809.
11

12 IT IS FURTHER ORDERED that costs incurred by the United States Marshals Service and
13 any other governmental agencies which were incident to the seizure, custody and storage of the
14 properties be the first charge against the forfeited properties.
15 IT IS FURTHER ORDERED that the United States Marshals Service shall dispose of the
16 forfeited properties according to law.
17 DATED: August 17, 2012

18 *[signature]*
19 HONORABLE LARRY ALAN BURNS
   United States District Judge
20
21
22
23
24
25
26
27
28